Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney for Defendant Romulo Loera*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>ROMULO LOERA,<br><br>    Debtor. | Case No. 6:19-bk-18467-WJ<br><br>Adv. 6:20-ap-01004-WJ<br><br>Before the Honorable Wayne E. Johnson |
| TROY DAUL AND ANDREA DAUL TRUSTEES OF THE TROY DAUL AND ANDREA DAUL FAMILY TRUST DATED MARCH 8, 2006,<br><br>PHILIP A. RADMER AND RITA J. RADMER, TRUSTEES OF THE PHILLIP A. RADMER TRUST DATED OCTOBER 27, 2001<br><br>MARK A. GILLELAND AND SHIRLEE I. GILLELAND, TRUSTEES OF THE MARK A. GILLELAND AND SHIRLEY T. GILLELAND TRUST DATED OCTOBER 27, 2001<br><br>    PLAINTIFFS<br><br>vs.<br><br>ROMULO LOERA,<br><br>    Defendant | Chapter 7<br><br>**DEFENDANTS' AMENDED ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523 AND OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727** |

    Pursuant to F.R.C.P. 15 (a)(1)(A), Defendant Romulo Loera (hereinafter referred to as "Defendant") hereby files his *Amended[1] Answer to Complaint to Determine Dischargeability under*

---

[1] On 2-4-2020, the Defendant filed an Answer to the Complaint *in pro per*, while he was in the process of retaining litigation counsel, without informing litigation counsel of same. On 2-5-2020,

2/10-2:16pm

*11 U.S.C. § 523 and Objecting to Discharge under 11 U.S.C. § 727* (hereinafter referred to as "Complaint") filed by Plaintiffs Troy Daul and Andrea Daul Trustees of the Troy Daul and Andrea Daul Family Trust Dated March 8, 2006; Philip A. Radmer and Rita J. Radmer, Trustees of the Phillip A. Radmer Trust Dated October 27, 2001; & Mark A. Gilleland and Shirlee I. Gilleland, Trustees of the Mark A. Gilleland and Shirley T. Gilleland Trust Dated October 27, 2001 (hereinafter referred to as "Plaintiffs").

## JURISDICTION AND VENUE

1. Admit
2. Admit
3. Admit
4. Admit

## PARTIES

5. Admit as to who the Plaintiffs are. Denied that Plaintiffs are creditors of Debtor with claims in excess of $450,000.
6. Admit

## COMMON ALLEGATIONS

7. Admitted that on June 1, 2013, the Debtor entered into a Promissory Note on behalf of MNM Auto, Inc. and in favor of Troy Daul and Andrea Daul Trustee of the Troy Daul and Andrea Daul Family Trust Dated March 8, 2006 ("Daul Promissory Note 1"). Admit that Daul Promissory Note 1 was in the amount of $75,000. Admit that Debtor personally guaranteed this promissory note. Denied that it was contemplated by the parties and promised by Debtor to the Daul Plaintiffs at the time the Daul Plaintiffs provided the $75,000 in monies to Debtor related to Debtor's auto dealership, that Debtor would keep all proceeds from sales related to automobiles purchased with the $75,000 in a segregated

---

the Defendant retained counsel, disclosed his *in pro per* filing, which necessitated this amendment per F.R.C.P. 15(a)(1)(A) that provides: Amended and Supplemental Pleadings (a) Amendments Before Trial (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it.

|   |   |
|---|---|
| 1 | account, such that Debtor should always have on hand: (1) the $75,000 in monies borrowed from the Daul Plaintiffs; (2) the automobiles purchased with the $75,000; (3) proceeds from the sale of Automobiles purchased with the $75,000; or (4) some combination of items 1, 2, and 3. The Daul Promissory Note 1 provides no such requirement. |
| 8. | Admit that on July 1, 2013, the Debtor entered into a second Promissory Note on behalf of MNM Auto, Inc. and in favor of Troy Daul and Andrea Daul Trustee of the Troy Daul and Andrea Daul Family Trust Dated March 8, 2006 ("Daul Promissory Note 2"). Admit that the Daul Promissory Note 1 was in the amount of $75,000. Admit that Debtor personally guaranteed this promissory note. Deny that it was contemplated by the parties and promised by Debtor to the Daul Plaintiffs at the time the Daul Plaintiffs provided the $75,000 in monies to Debtor related to Debtor's auto dealership, that Debtor would keep all proceeds from sales related to automobiles purchased with the $75,000 in a segregated account, such that Debtor should always have on hand: (1) the $75,000 in monies borrowed from the Daul Plaintiffs; (2) the automobiles purchased with the $75,000; (3) proceeds from the sale of automobiles purchased with the $75,000; or (4) some combination of items 1, 2, and 3. The Daul Promissory Note 2 provides no such requirement. |
| 9. | Admit that on October 1, 2014, the Debtor entered into a Promissory Note on behalf of MNM Auto, Inc. and in favor of Philip A. Radmer and Rita J. Radmer, Trustees of the Philip A. Radmer Trust Dated October 27, 2001 ("Radmer Promissory Note). Admit that the Radmer Promissory Note was in the amount of $150,000. Admit that Debtor personally guaranteed this promissory note. Denied that it was contemplated by the parties and promised by Debtor to the Radmer Plaintiffs at the time the Radmer Plaintiffs provided the $150,000 in monies to Debtor related to Debtor's auto dealership, that Debtor would keep all proceeds from sales related to automobiles purchased with the $150,000 in a segregated account, such that Debtor should always have on hand: (1) the $150,000 in monies borrowed from the Radmer Plaintiffs; (2) the automobiles purchased with the $150,000; (3) proceeds from the sale of automobiles purchased with the $150,000; or (4) some combination of items 1, 2, and 3. The Radmer Promissory Note provides no such |

| | | |
|---|---|---|
|1| |requirement.|
|2|10.|Admit that on October 1, 2014, the Debtor entered into a Promissory Note on behalf of MNM Auto, Inc. and in favor of Mark A. Gilleland and Shirlee I. Gilleland, Trustees of the Mark A. Gilleland and Shirley I. Gilleland Trust Dated October 27, 2001 ("Gilleland Promissory Note). Admit that the Gilleland Promissory Note was in the amount of $150,000. Admit that the Debtor personally guaranteed this promissory note. Denied that it was contemplated by the parties and promised by Debtor to the Gilliland Plaintiffs at the time the Gilliland Plaintiffs provided the $150,000 in monies to Debtor related to Debtor's auto dealership, that Debtor would keep all proceeds from sales related to automobiles purchased with the $150,000 in a segregated account, such that Debtor should always have on hand: (1) the $150,000 in monies borrowed from the Gilliland Plaintiffs; (2) the automobiles purchased with the $150,000; (3) proceeds from the sale of automobiles purchased with the $150,000; or (4) some combination of items 1, 2, and 3. The Gilleland Promissory Note provides no such requirement.|
|15|11.|Denied.  The Promissory Notes provides no such requirement to open segregated accounts related to monies concerning the aforementioned promissory notes. Therefore, the Defendant did not fail to do something he was not obligated to do.|
|18|12.|Admit that within approximately thirty days prior to Debtor's filing of the instant petition, Debtor transferred properties (a-f) to his former wife, Maria Loera. Denied that the transfers were for no consideration or inadequate consideration.|

**FIRST CLAIM FOR RELIEF - 11 U.S.C. § 523(A)(2)(A)**

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations of Paragraph 13.

14. Denied

15. Denied that the Debtor promised to keep all monies loaned to Debtor and Debtor's company in a segregated account such that such that Debtor should always have on hand: (1) the $450,000 in monies collectively borrowed from the Plaintiffs; (2) the automobiles purchased with the $450,000; (3) proceeds from the sale of automobiles purchased with the

|   |     |   |
|---|-----|---|
| 1 |     | $450,000; or (4) some combination of items 1, 2, and 3. The Promissory Notes provides no such requirement to open segregated accounts related to monies concerning the aforementioned promissory notes.  Therefore, the Defendant did not fail to do something he was not obligated to do. Denied that the Debtor intentionally failed to segregate the aforementioned monies. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 15 and on that basis denies the allegations of Paragraph 15. |
| 8 | 16. | Denied that Debtor took possession of Plaintiffs' monies as the result of false representations, or representations made with a reckless disregard for the truth. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 16 and on that basis denies the allegations of Paragraph 16. |

### SECOND CLAIM FOR RELIEF - 11 U.S.C. § 523(A)(2)(A)

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny the allegations of Paragraph 17.
18. Denied that the Debtor, engaged in actual fraud.
19. Admitted that within approximately thirty days prior to filing the subject bankruptcy petition, Debtor transferred his interest in the property described in paragraph 12 above. Denied that the transfers were for no consideration or for inadequate consideration. Denied that the Debtor did so in an effort to fraudulently conceal his assets from his creditors. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 19 and on that basis denies the allegations of Paragraph 19.

### THIRD CLAIM FOR RELIEF - 11 U.S.C. § 523(A)(6)

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations of Paragraph 20.
21. Denied that the Debtor willfully and maliciously injured the property of Plaintiffs by virtue of the intentional actions described above in paragraph 12. Admit that the Debtor acted willfully by transferring the property described in paragraph 12 roughly thirty days prior to

filing the subject bankruptcy. Denied that said transfers were done intentionally, which necessarily caused injury, and were done without just cause or excuse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies the allegations of Paragraph 21.

### FOURTH CLAIM FOR RELIEF - 11 U.S.C. § 727(A)(2)

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies the allegations of Paragraph 22.

23. Admit that within one year before the Petition Date, the Debtor transferred or permitted to be transferred property of the Debtor. Denied that within one year before the Petition Date, the Debtor removed, concealed, removed, or concealed property of the Debtor with the intent to hinder, delay, or defraud creditors and officers of the Debtor's Estate (including, but not limited to, Plaintiffs and the Estate Trustee).

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies the allegations of Paragraph 24.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

25. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (ESTOPPEL)

26. Plaintiffs' Complaint is barred by the doctrine of estoppel

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

27. Plaintiffs' Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (WAIVER)

28. Plaintiffs' Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

29. Plaintiffs' Complaint is barred or abated substantially by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

30. Without any admission by Defendant that Plaintiffs suffered injury in any way, to the extent that Plaintiffs did suffer such injury, their claims are barred in whole or in part because they failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (NO DAMAGES)

31. Plaintiffs' Complaint fails in whole or in part to the extent they have suffered no damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (SET-OFF)

32. Plaintiffs' Complaint is barred, in whole or in part, by the right of Defendant to a set-off against any such damages.

### NINTH AFFIRMATIVE DEFENSE
### (ACTUAL KNOWLEDGE)

33. Plaintiffs' Complaint is barred because they had actual knowledge of the alleged acts taken by the Defendant that allegedly damaged Plaintiffs but did not take any action to controvert, stop or otherwise prevent the acts and in fact participated in the decision making of the acts that purportedly damaged Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE
### (NO FACTUAL ALLEGATION OF A FALSE REPRESENTATION WITH RESPECT TO EXISTING AND ASCERTAINABLE FACTS)

34. Plaintiffs' claims under 11 U.S.C. § 523(a)(2)(A) must be denied as Defendant made no false representation with respect to existing and ascertainable facts.

### ELEVENTH AFFIRMATIVE DEFENSE
### (NO FACTUAL ALLEGATION OF JUSTIFIABLE RELIANCE OF A FALSE REPRESENTATION WITH RESPECT TO EXISTING AND ASCERTAINABLE FACTS)

35. Plaintiffs' claims under 11 U.S.C. § 523(a)(2)(A) must be denied as Plaintiffs did not justifiably rely of a false representation by Defendant with respect to existing and

ascertainable facts.

## TWELFTH AFFIRMATIVE DEFENSE
## NO FACTUAL ALLEGATION OF WILLFUL & MALICIOUS INJURY

36. Plaintiffs' claims under 11 U.S.C. § 523(a)(6) must be denied as Defendant did not willfully and/or maliciously intend to injure Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE
## TRANSFERS DONE PURSUANT TO A FAMILY LAW
## DIVORCE DECREE LACK ANY INTENT TO DEFRAUD CREDITORS

37. Plaintiffs' claims under 11 U.S.C. § 727(A)(2) must be denied because Defendant did not, within one year before the Petition Date, transfer, remove, conceal or permitted to be transferred, removed, or concealed property of the Debtor with the intent to hinder, delay, or defraud creditors and officers of the Debtor's Estate (including, but not limited to, Plaintiffs and the Estate Trustee), including, but not limited to Debtor's interests in the property described in paragraph 12 above.

## FOURTEENTH AFFIRMATIVE DEFENSE
## SHAM GUARANTY

38. Plaintiffs' claims under 11 U.S.C. § 523(a)(2)(A) must be denied the alleged personal guaranty is a sham guaranty.

**WHEREFORE**, Defendant prays:

1. That this Court deny Plaintiffs Complaint pursuant to 11 U.S.C. § 523(a)(2)(a), 11 U.S.C. § 523(a)(6) & 11 U.S.C. § 727(a)(2);

2. Plaintiffs take nothing by their Complaint;

3. That this Court enter a judgement in favor of Defendant that his debts to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2)(a), 11 U.S.C. § 523(a)(6) be discharged;

4. That this Court enter a judgement in favor of Defendant that the cause of action pursuant to 11 U.S.C. § 727(a)(2) be denied and that Debtor receive his bankruptcy discharge.

5. That pursuant to 11 U.S.C. § 524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition.

6. That this Court award Defendant's costs and reasonable attorney's fees in an amount which

2/10-2:16pm

-8-

1      will be ascertained, pursuant to 11 U.S.C. § 523(d), F.R.C.P 11 and F.R.B.P. 9011.

2   7.    That this Court award Defendant any further relief as this Court deems just.

4   DATED:     February 10, 2020         LAW OFFICE OF BARUCH C. COHEN
                                          A Professional Law Corporation

6                                         By    /S/ Baruch C. Cohen
                                          Baruch C. Cohen, Esq.
7                                         *Attorney for Defendant Romulo Loera*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **DEFENDANTS' AMENDED ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523 AND OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 10, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Douglas A Plazak (PL)       dplazak@rhlaw.com
United States Trustee (RS)  ustpregion16.rs.ecf@usdoj.gov
Baruch C Cohen (DF)         bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **February 10, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 10, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Wayne E. Johnson, 3420 Twelfth Street, Suite 384, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2020 | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**